

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **84 LUMBER COMPANY, LP,** | ) | |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **2:07-cv-2059-JHH** |
| **BRIAN DAVIS CONSTRUCTION, INC.; and BRIAN S. DAVIS, JR.,** | ) | |
| | ) | |
| **DEFENDANTS.** | | |

## MEMORANDUM OF DECISION

The court has before it the July 8, 2008 application for entry of default (doc. #8) and  motion (doc. #9) for default judgment filed by 84 Lumber Company, LP against defendants Brian Davis Construction, Inc. and Brian S. Davis, Jr. Attached to the motion for default judgment are the declarations of Brenda Torri and Vincent G. Nelan[1], in support of plaintiff's request for money damages.  The file also contains the returns of service on the defendants, both filed on April 11, 2008.  (See docs. # 6 and 7.)  Although the motion does not allege that the defendants were properly served with the summons and complaint, the returns reflect valid service on the two defendants.  Accordingly, the application for entry

---

[1] The court notes that the declaration does not contain the correct style.  The text of the declaration makes clear, however, that the incorrect style was merely a mistake.

of default is due to be granted and default is due to be entered against both defendants.

Davis Construction entered into a contract with 84 Lumber for 84 Lumber to provide materials, work and labor to Davis Construction.  The contract provided for interest on all unpaid amounts at the rate of 1.5 percent per month, or 18 percent per annum, and for payment of reasonable attorneys' fees incurred by 84 Lumber in collecting amounts owed by Davis Construction.  As part of the agreement, Davis personally guaranteed all of the obligations of Davis Construction to 84 Lumber.  Although 84 Lumber fulfilled its contractual obligations, Davis Construction failed to pay 84 Lumber under the contract.

The declarations attached to the motion for default judgment contain an accounting of the amounts due to plaintiff.  According to the declaration of Brenda Torri, the legal assistant to 84 Lumber, defendants owe 84 Lumber $145,873.94 for the goods and services provided under the contract.  (Doc. #9, Ex. A.)  This amount includes interest at the rate stated in the application until June 30, 2008.  (Id.)  Additionally, according to the declaration of Vincent G. Nelan, defendants

owe 84 Lumber $6,209.44[2] for the attorneys's fees incurred in the collection of

defendants' obligations under the contract.

Entry of default and final judgment will be entered by separate orders.

**DONE** this the __15th__ day of July, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] This amount does not include the estimation of the amount, $2,000, that might be expended post-judgment.  Such speculation is not recoverable.

3